IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PATRICK D. COANDO, | ) |
| Petitioner, | ) Case No. 2:04-CV-963 DB |
| v. | ) District Judge Dee Benson |
| STATE OF UTAH, | ) **O R D E R** |
| Respondent. | ) Magistrate Judge Brooke Wells |

Petitioner, Patrick Coando, filed a habeas corpus petition. See 28 U.S.C.S. § 2254 (2007). In it, he challenges the ongoing state criminal proceedings in which he was convicted of felony drunk driving and disorderly conduct. On the day of his trial, Petitioner left the courtroom, never to return, so was tried and convicted in his absence. Sentencing was set for June 29, 2004, but Petitioner did not show up, so sentencing was stayed until he appears before the court in the future. Apparently, Petitioner is now living in Wyoming to avoid arrest warrants and sentencing in Utah.

In this petition, Petitioner argues (1) racial and religious prejudice; (2) trial court misbehavior, such as allowing the prosecution to file new evidence four days before trial, disallowing Petitioner to present defense witnesses, and violating Petitioner's rights in a 1997 case; and (3) unlawful search and seizure by the prosecution in obtaining evidence from a prior proceeding against Petitioner in tribal court. To remedy these alleged violations of his legal rights, Petitioner asks for

an injunction against his conviction here, restraining orders against many of the judges, prosecutors, and law enforcement officials in Uintah County and surrounding locales, reinstatement of his bail bonds, and delivery to him of the records regarding the conviction challenged here. The State responded to his petition, arguing the Court lacks jurisdiction over this matter because Petitioner is not "in custody" as required by the habeas statute and, alternatively, because Petitioner has not exhausted his claims.

First, the Court agrees with the State regarding the question of jurisdiction. Section 2254(a) reads:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.S. § 2254(a) (2007) (emphasis added). The United States Supreme Court has interpreted this to require "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). According to the latest information available to the Court, Petitioner has chosen not to submit himself to Utah authorities and so is not in custody under the conviction he attacks here. The Court thus lacks jurisdiction over this petition.

As an alternative basis for denying this petition, the Court addresses the issue of exhaustion. The State correctly notes that, before he may seek review of a Utah conviction in federal court, Petitioner must exhaust all available remedies in the Utah courts. See 28 U.S.C.S. § 2254 (b) & (c) (2007); *Picard v. Connor*, 404 U.S. 270, 275, 276, 92 S. Ct. 509, 512 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28231, at *5 (10th Cir. Nov. 9, 1998) (unpublished). To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief--something he is not even capable of doing at this point, considering no final judgment exists. See *Picard*, 92 S. Ct. at 512-13. Moreover, any "pending state action might result in reversal of the conviction, mooting the federal case." *Cen v. Castro*, No. C 02-2094 PJH (PR), 2002 U.S. Dist. LEXIS 9314, at *1 (N.D. Cal. May 1, 2002). On the basis of failure to exhaust, then, this federal petition is barred because of Petitioner's pending sentencing.[1]

A related alternative ground for denying this federal petition is the *Younger* abstention doctrine. See *Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th

---

[1] This Court recognizes it has authority to deny unexhausted claims on the merits, but determines that course is not called for here, when some of Petitioner's claims seem to present federal questions and are not so obviously meritless as to warrant treatment by this Court at this time. See *Rudolph v. Galetka*, No. 99-4207, 2000 U.S. App. LEXIS 4349 (10th Cir. Mar. 21, 2000) (unpublished).

3

Cir. Mar. 12, 1993) (unpublished); *Cen*, 2002 U.S. Dist. LEXIS 9314, at *2. After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Preiser v. Rodriguez*, 411 U.S. 475, 491, 93 S. Ct. 1827, 1837 (1973). The test for determining whether to abstain has three parts: "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982)).

Applying the test here, the Court first determines based on documents filed by both parties that there is a pending state judicial proceeding. Second, although habeas cases are considered civil in nature, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'" *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432). Considering that Petitioner actually attacks ongoing criminal proceedings, the Court concludes the issues in this noncriminal

4

habeas case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest. *Id.* Finally, Petitioner has an adequate chance to raise any of his federal constitutional challenges in state court. In fact, as explained above, by federal statute, he *must* raise his challenges in state court first before bringing them here. *See* 28 U.S.C.S. § 2254 (b) & (c) (2007); *Picard*, 404 U.S. at 275; *Knapp*, 1998 U.S. App. LEXIS 28231, at *5-8.

Accordingly, IT IS HEREBY ORDERED that Petitioner's § 2254 petition is denied.

DATED this 16th day of June, 2007.

BY THE COURT:

_____
DEE BENSON
United States District Judge